# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | Civ. Action No.: 15-2843 (FLW)(TJB) |
| : | |
| **JEFFREY W. GROSSMAN**, : | **ORDER** |
| : | |
| Defendant. : | |

**THIS MATTER** having been opened to the Court by Stephen S. Ho, Esq., counsel for Plaintiff United States of America ("Plaintiff"), on a Motion for Default Judgment; it appearing that in support of its Motion, Plaintiff has submitted certifications and exhibits; it further appearing that Defendant Jeffrey W. Grossman ("Defendant"), having been duly served, has not opposed the Motion; having considered Plaintiff's submissions the Court makes the following findings:

1. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of the court whether to grant a motion for a default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the court treats all pleadings and allegations of the plaintiff as true. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

2. On April 22, 2015, Plaintiff brought this action against Defendant for (1) trust fund recovery penalties in the amount of $95,621.12, pursuant to 26 U.S.C. § 6672, for failing to collect, truthfully account for, and pay over to Plaintiff federal employment taxes for the employees of Graphic Packaging Group Inc. ("Graphic Packaging") for eight quarterly periods between 1999 and 2002; (2) for failing to pay federal income tax in the amount of $1,632.69 for 2006; and (3) for $655.25 in statutory costs and penalties for failing to pay these taxes; and (4) for $69,701.35 in statutory interest on these amounts, for a sum totaling $167,610.41.

3. The Summons and Complaint have been properly served on Defendant, however, Defendant has failed to plead or otherwise defend in this action. Consequently, on July 17, 2015, Plaintiff filed a Request for Default pursuant to Fed. R. Civ. P. 55(a). On October 1, 2015, the Clerk's Office entered an Entry of Default as to Defendant. Plaintiff then filed the instant Motion for Default Judgment.

4. Pursuant to 26 U.S.C. § 6672, "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672.

5. Between 1999 and 2002, Defendant was the treasurer of Graphic Packaging. Compl. ¶¶ 5-6. As treasurer, Defendant's responsibilities included collecting, truthfully accounting for, and paying over to Plaintiff the federal employment taxes withheld from wages of employees of Graphic Packaging. Compl. ¶ 7. However, between 1999 and

2002, for eight separate pay periods, Defendant willfully failed to collect, truthfully account for, or pay over to the United States a total of $95,621.12 in federal employment taxes that should have been withheld from the wages of employees of Graphic Packaging. ¶¶ 7, 11; Supp. Decl. of Rebeca Troichuck ("Troichuck Supp. Decl.") ¶ 5. Accordingly, pursuant to 26 U.S.C. § 6672, Defendant owes Plaintiff unpaid trust fund recovery penalties in the amount of $95,621.12 for these unpaid federal employment taxes.

6. Additionally, pursuant to 26 U.S.C. § 1 and 26 C.F.R. § 1.1-1(b), citizens of the United States . . . are liable to the income taxes imposed by the [Internal Revenue Code] whether the income is received from sources within or without the United States." 26 C.F.R. § 1.1-1(b).

7. In 2006, Defendant failed to pay $1,632.69 in federal income taxes to the United States. Compl. ¶¶ 5-6; Troichuck Supp. Decl. at ¶ 5. Accordingly, Defendant owes Plaintiff $1,632.69 in unpaid federal income taxes.

8. Furthermore, Plaintiff seeks to recover statutory costs and penalties arising from Defendant's failure to pay the outstanding trust fund recovery penalties and federal income taxes. Pursuant 26 U.S.C. § 6321, any person who neglects to pay taxes is liable for costs that may accrue as a result of this failure to pay, in addition to the original amount of taxes. Moreover, pursuant to 26 U.S.C. § 6651, penalties may be imposed on individuals who fail to pay taxes, in addition to the original amount of taxes. Under these statutes, Defendant owes Plaintiff $50.00 in costs related to his trust fund recovery penalty for the last quarter of 1999, as well as $50.00 in costs and $555.25 in failure-to-pay penalties related to his unpaid income taxes from 2006. Troichuck Supp. Decl. at ¶ 5. Accordingly, Defendant owes Plaintiff a total of $655.25 in costs and penalties.

9. Plaintiff also seeks to recover the statutory interest due on the total amount of taxes and penalties owed by Defendant. Pursuant to 26 U.S.C. § 6601, unpaid taxes are subject to interest at the underpayment rate established in 26 U.S.C. § 6621. The interest rate is not fixed, but is instead tied to the federal short-term rate. *See* 26 U.S.C. § 1274(d)(1)(C)(i). The interest rate for each calendar quarter is the federal short-term rate for the first month of that quarter, plus three percent, rounded to the nearest full percent. *See* 26 U.S.C. §§ 6621(a)(2), (b)(2)(A), and (b)(3). Interest under the statute is compounded daily. 26 U.S.C. § 6622(a). Pursuant to the statutory interest rates, Defendant owes Plaintiff an additional $69,701.35 in interest on the outstanding taxes and penalties. Troichuck Supp. Decl. at ¶ 5.

10. In sum, based on the foregoing, there are sufficient facts to find that Defendant owes and failed to pay to Plaintiff the above trust fund recovery fees, federal income tax, statutory interest, costs, and penalties, and that the amount requested by Plaintiff is a sum certain, supported by the record.

Accordingly, the Court having reviewed the submissions in connection with the Motion pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 13th day of July, 2016,

**ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**; it is

**FURTHER ORDERED** that Defendant shall pay Plaintiff the amount of $167,610.41; it is

**FURTHER ORDERED** that this case shall be marked as **CLOSED**.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge